UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LYNNETTE MORELLO,                                   Case No.:

                Plaintiff,

      -v-                                            **COMPLAINT**

MANPOWERGROUP US INC. and
EXPERIS US, INC.

                Defendants.
------------------------------------------------------X

      Plaintiff, LYNNETTE MORELLO, ("Ms. Morello" or "Plaintiff") by and through her attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for her Complaint against, MANPOWERGROUP US INC ("Manpower Group") and EXPERIS US, INC. ("Experis") (together "Defendants" or the "Company"), alleges upon knowledge to herself and her own actions and upon information and belief as to all other matters as follows:

### ***NATURE OF CASE***

      1.     This action is brought pursuant the New York State Human Rights Law, New York Exec. Law § 290 et seq., as amended ("NYSHRL") and the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York, as amended, including The Local Civil Rights Restoration Act, effective October 3, 2005 as well as Local Laws 1, 34, 35, 36, 37, 38, and 40 of 2016 ("NYCHRL"), and other appropriate rules, regulations, statutes and ordinances. Specifically, Plaintiff brings claims for discrimination, unlawful termination, and retaliation on the basis of her age.

2. Ms. Morello, a 65-year-old cancer survivor claims that Defendants discriminated against her on the basis of age. Plaintiff contends, upon information and belief, that these discriminatory practices continue to the present.

## JURISDICTION AND VENUE

3. Plaintiff invokes 28 U.S.C. § 1332, insofar as it involves Defendants who are citizens of Wisconsin for the purposes of diversity jurisdiction and a Plaintiff who is a citizen of the state of New York for the purpose of diversity jurisdiction.

4. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## ADMINISTRATIVE PROCEDURES

6. Plaintiff served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York in accordance with N.Y.C. Admin. Code § 8-502(c).

## PARTIES

7. Ms. Morello is a resident of the State of New York, County of Richmond.

8. For the purposes of diversity jurisdiction, Ms. Morello is a citizen of the New York State.

9. At all times herein pertinent, Ms. Morello, was an "employee" of the Defendants, and each of them, within the meaning of the NYSHRL and the NYCHRL.

10. At all times herein pertinent, Ms. Morello was and is a "person" within the meaning the NYSHRL and the NYCHRL.

11. At all times herein pertinent, upon information and belief, Manpower Group was and is a foreign business corporation created pursuant to the laws of the State of Wisconsin.

12. At all times herein pertinent, Manpower Group has a principal place of business located at 100 Manpower Place, Milwaukee, Wisconsin 53212.

13. Defendant Manpower Group is a citizen of the state of Wisconsin for the purposes of diversity jurisdiction.

14. At all times herein pertinent, Defendant Manpower Group was an employer of Ms. Morello within the meaning of the NYSHRL and the NYCHRL.

15. At all times herein pertinent, Defendant Manpower Group had fifteen (15) or more persons in its employ at all times relevant.

16. At all times herein pertinent, Defendant Manpower Group had four (4) or more persons in its employ at all times relevant.

17. At all times herein pertinent, upon information and belief, Experis was and is a foreign business corporation created pursuant to the laws of the State of Wisconsin.

18. At all times herein pertinent, Experis has a principal place of business located at 100 Manpower Place, Milwaukee, Wisconsin 53212.

19. Defendant Experis is a citizen of the state of Wisconsin for the purposes of diversity jurisdiction.

20. At all times herein pertinent, Defendant Experis was an employer of Ms. Morello within the meaning of the NYSHRL and the NYCHRL.

21. At all times herein pertinent, Defendant Experis had fifteen (15) or more persons in its employ at all times relevant.

22. At all times herein pertinent, Defendant Experis had four (4) or more persons in its employ at all times relevant.

*Interrelationship between the Entity Defendants*

23. Upon information and belief, the Defendants operate as a single integrated enterprise along with other companies, for a joint business purpose. As such, the entity Defendants have interrelated operations, centralized control of operations, common management, and common ownership and/or financial control.

24. The defendants share a common website, www.manpowergroup.com, which allows users to learn about many of the Manpower Group companies, including Experis.

25. The Defendants advertise and market to clients together through their shared website.

26. The Defendants advertise job openings together on their common website.

27. The Defendants use the same employee manuals, company letterhead, payroll operations, and Human Resource department.

28. The Defendants have a common business purpose in creating professional resources and project solutions in various fields.

29. Defendants share an office space which is located at 100 Manpower Place, Milwaukee, Wisconsin 53212.

## BACKGROUND FACTS

30. Defendants are a fortune 500 multinational corporation. The Defendants provide administrative & support services, professional services, and business services. The Defendants provide contingent staffing, permanent recruitment, professional resourcing, and project-based solutions.

31. The corporate decisions regarding Plaintiff's employment including, but not limited to, firing, paying, and administering the terms, conditions and privileges of her employment were made within the City of New York, State of New York. Specifically, these corporate decisions were made at 99 Park Avenue, Suite 920, New York, NY 10016 by Plaintiff's manager.

32. Ms. Morello, a 65-year-old cancer survivor.

33. Ms. Morello began working for Defendants as a Business Development Manager on or about July 30, 2018.

34. During her employment with Defendants, she proved to be a smart, driven and ambitions employee coming into the office early and staying late in order to complete tasks in a timely and professional manner.

35. Due to the above work ethic, and before the events outlined below, Ms. Morello received praise and positive reviews from supervisors and colleagues alike.

36. Ms. Morello's good standing with the Company came to a screeching halt when her manager, Louis Casavina ("Casavina"), found out her age in or about January 2019.

37. As her manager, Casavina had managerial and supervisory authority and had the authority to hire, fire, discipline, supervise, and direct the Plaintiff, and administer the terms, conditions and privileges of his employment.

38. In January 2019, Casavina confided in Ms. Morello that he was upset about getting older. Ms. Morello, in trying to raise Casavina's spirts, revealed to Casavina her age.

39. After hearing her age Casavina appeared shocked and stated that he did not have any idea that Ms. Morello was in her 60s and revealed that he believed her to be 10-15 years younger.

40. Ever since learning her age, Casavina made his discriminatory animus known to Ms. Morello.

41. He did this when he refused to give Ms. Morello the same work opportunities as he gave younger employees. Specifically, Casavina refused to allow Ms. Morello to work from home despite her having to commute approximately two hours each way from Staten Island to the Company's office in Manhattan.

42. Moreover, Casavina stated that he would give Ms. Morello active Company accounts when she first started in order to help her create business for the Company. Once Casavina learned of Ms. Morello's protected class he refused to give her active accounts, instead distributing those accounts to younger employees.

43. Casavina's discriminatory animus went so far that he refused to provide Ms. Morello with the proper recruiting staff on accounts where she had a personal contact, hurting the Defendants' chances at retaining more business. Also, when new accounts did come in, Casavina made it a point to talk up the younger Business Development Mangers and steer prospective clients away from Ms. Morello and towards younger employees.

44. Even where Ms. Morello was successful in bringing recruiting income into the Company, Casavina would encourage others to take the credit ***and the commissions*** for Ms. Morello's hard work.

45. Part and parcel with this behavior, Casavina would not allow Ms. Morello to go to meetings on her own, insisting that he or a Practice Director babysit her on all of her meetings. This had the effect of sabotaging Ms. Morello's meetings with prospective clients (including prospective clients where she had a personal relationship) because it hurt her standing with these people, made it seem like she required babysitter, and put these prospective clients on edge as they felt they could not speak freely in front of Casavina or these practice directors.

46. Moreover, because Casavina and these practice directors had no knowledge or expertise in Wall Street Operations they were unprepared for these meetings which was glaringly apparent to these prospective clients thereby causing the Company and Ms. Morello to lose credibility with these prospective clients.

47. When Ms. Morello was able to land a client, Casavina refused to give her the proper recruiting support and time to develop a new line of business which he had promised to her before he found out her age. For example, when Ms. Morello was asked by a global bank to recruit a position for them – a small project which would have landed more business for the Company – Casavina refused to give her proper and timely recruiting support and eventually the bank decided to look elsewhere for this and other projects.

48. The above situation happened several times, with several known banks including, but not limited to, Mizuho Securities and JP Morgan.

49. Defendants also purposefully delayed the repayment of Ms. Morello's business expenses by failing to timely approve her expenses.

50. Towards the end of her employment with the Company, Casavina would refuse to take Ms. Morello's phone calls and when they did speak, he would yell at and berate Ms. Morello and refused to give her due credit when she went above and beyond to secure a client. For example, after using Ms. Morello's contacts to secure a contract with Exiger, Casavina offered Exiger use of the Company's unoccupied office space. However, the office was a complete mess. In order to maintain the Company's relationship with this client, Ms. Morello stayed after normal work hours four nights in a row and scrubbed the empty office space clean so it would be presentable to Exiger. Casavina refused to recognize Ms. Morello's efforts and instead berated her for personally cleaning the office.

51. Besides the specific examples above, Casavina made his discrimination animus known to Ms. Morello in more subtle ways. For example, on conference calls, he would warmly greet the younger employees by name while ignoring Ms. Morello. He would further lay praise on younger employees about their business opportunities/updates while not commenting on Ms. Morello's business updates.

52. Finally, after over a year of dealing with the above behavior, Casavina terminated Ms. Morello without cause.

53. Due to Casavina's discriminatory actions, some of which are described above, Ms. Morello was unable to schedule a mammogram and has since been diagnosed with breast cancer.

A condition that was no doubt aggravated by the stress caused by Casavina's discriminatory conduct.

54. Ms. Morello was discharged on or about February 11, 2020.

55. While being discharged, Ms. Morello complained of Defendants' discriminatory behavior.

56. In order to silence Ms. Morello's legitimate complaints, Defendants began a campaign of retaliation against the Defendants.

57. First, the Defendants failed to timely give Ms. Morello her final IRS Form W-2 so she could file her taxes. After receiving the document from Defendants, Ms. Morello filed her taxes only to find that Defendants had reported different income and withholding amounts to New York State.

58. Second, Defendants failed to timely approve Ms. Morello's final expenses so they could be reimbursed promptly. Specifically, Defendants failed to provide Ms. Morello with her final disbursements for approximately one year after she submitted her paperwork.

59. Most importantly, since Ms. Morello stood up for her rights and complained of the Defendants obvious discriminatory animus, they have delayed sending paperwork concerning her insurance to necessary third parties. This has resulted in a delay in Ms. Morello receiving her necessary cancer medication.

60. Plaintiff was terminated due to her age.

61. Defendants knew of discriminatory conduct and failed to take immediate and appropriate corrective action.

62. Defendants treated members outside of Plaintiff's age more favorably by not subjecting them to the discriminatory conduct outlined above.

63. Upon information and belief, Ms. Morello was replaced by a someone under 60 years old.

64. Upon information and belief, the Plaintiff was replaced someone outside of her protected class.

65. Upon information and belief, the Plaintiff was replaced by someone in their 40s.

66. Defendants have treated the Plaintiff unequally and less well than other employees because of her age in violation of the NYSHRL.

67. Employees outside Plaintiff's protected classes have and continue to be treated more favorably than Plaintiff.

68. Upon information and belief, Defendants disciplined and terminated its older employees far more often than its younger employees.

69. Plaintiff was unlawfully discriminated against, on the basis of age in violation of the NYCHRL.

70. Employees outside Plaintiff's protected class were treated more favorably than Plaintiff.

71. Plaintiff was treated less well than similarly situated employees in violation of the NYCHRL.

72. Defendants retaliated against Plaintiff due to the complaints she made to Defendants regarding their discriminatory treatment.

## *FIRST CLAIM FOR RELEF AGAINST DEFENDANTS*
### *Discrimination under the NYSHRL*

73. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

74. The New York State Human Rights Law Provides that it shall be unlawful discriminatory practice:

> For an employer… because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, or marital status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

75. Defendants discriminated against Plaintiff on the basis of Plaintiff's age in violation of NYSHRL.

76. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section NYSHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

77. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

78. Defendants have acted with malice or reckless indifference to the Plaintiff.

### SECOND CLAIM FOR RELEF AGAINST DEFENDANTS
*Retaliation under the NYSHRL*

79. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

80. By the actions described above, among others, Defendants retaliated against Plaintiff for making protected complaints regarding discrimination on the basis of age.

81. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer substantial losses, including

the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

82. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

83. Defendants have acted with malice or reckless indifference to the Plaintiff.

### *THIRD CLAIM FOR RELEF AGAINST DEFENDANTS*
*Discrimination Under the NYCHRL*

84. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

85. The New York City Human Rights Law provides it shall be unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service or alienage or citizenship status of any person (1) To represent that any employment or position is not available when in fact it is available; (2) To refuse to hire or employ or to bar or to discharge from employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

86. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(l)(a) by discriminating against Plaintiff based upon her age.

87. As a result of Defendants' conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings, benefits, employment opportunities, other financial loss and non-economic damages.

88. By reason of Defendants' discrimination, Plaintiff is entitled to all remedies available for violations of NYCHRL.

## FOURTH CLAIM FOR RELEF AGAINST DEFENDANTS
### Retaliation Under NYCHRL

89. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

90. The Administrative Code of the City of New York, states that it shall be unlawful discriminatory practice for any employer to

> retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter.

91. By the actions described above, among others, Defendants retaliated against Plaintiff for making protected complaints regarding discrimination on the basis of age.

92. As a proximate result of Defendants' retaliation, Plaintiff has suffered compensatory and other consequential damages and expenses.

93. As a further proximate result of Defendants actions, Plaintiff suffered, and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and damage to her reputation.

94. Defendants' conduct was perpetrated with a conscious disregard of Plaintiffs' rights.

## *FIFTH CLAIM FOR RELEF AGAINST DEFENDANTS*
*Employer Liability Under NYCHRL*

95. The Plaintiff repeats, reiterates, and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

96. The New York City Administrative Code Title 8 §8-107(13) provides:

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   (1) the employee or agent exercised managerial or supervisory responsibility; or

16

   (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

97. Due to the above provision, the entity defendants are liable under the NYCHRL.

### *JURY DEMAND*

98. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands trial by jury with respect to all issues so triable.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff requests a judgment against the Defendant:

a. Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, and all other benefits he would have expected to earn during his entire lifetime had it not been for Defendants' unlawful discrimination;

b. Awarding damages to the Plaintiff to make him whole for any losses suffered as a result of such unlawful employment practices;

c. Awarding Plaintiff compensatory damages for mental and emotional distress, pain and suffering as well as injury to his reputation in an amount to be proven at trial;

d. Awarding Plaintiff punitive damages;

e. Awarding Plaintiff attorneys' fees and costs and expenses incurred in the prosecution of the action;

f. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
     May 17, 2021

                                         LAW OFFICES OF WILLIAM CAFARO

                                         _____
                                         By: Amit Kumar, Esq. (AK 0822)
                                         *Attorneys for Plaintiff*
                                         108 West 39th Street, Ste. 602
                                         New York, New York 10018
                                         (212) 583-7400
                                         AKumar@CafaroEsq.com